McCULLOUGH, Judge.
Defendants Roney Smith and Bernetha Bullock Smith appeal an order granting summary judgment for plaintiff Lestep, Inc., in this breach of contract action. The forecast of evidence tended to show that plaintiff is a real estate company in Durham, North Carolina. On 3 April 2000, Dorothy Uzzell requested plaintiff's services in attempting to locate and purchase a home. Uzzell and plaintiff entered into a contract in which plaintiff agreed to act as Uzzell's agent. Uzzell had been a tenant of defendants and was renting the property at 1000 Davinci Street in Durham, North Carolina. Previously, Uzzell had attempted to buy the property on Davinci Street from defendants. However, the sale never occurred. Subsequently, plaintiff assisted Uzzell in looking for houses and in qualifying for a loan.
In May of 2000, plaintiff contacted defendants and asked if they would reconsider selling the home to Uzzell. Defendants indicated that Uzzell was about to be evicted as their objective was to sell the house, not be landlords. On 15 May 2000, defendants agreed to enter into a contract in which Uzzell would be allowed to purchase the home. Also, plaintiff and defendants entered into a written agreement in which plaintiff was recognized as the buyer's [Uzzell's] agent. In that agreement, defendants were obligated to pay plaintiff a six percent (6%) commission at closing in exchange for plaintiff's performance as the procuring cause of the sale of the property to the buyer.
After executing this agreement, plaintiff carried out a number of tasks, including drafting documents, in preparation for the sale. These documents included: an Offer to Purchase and Contract, a Residential Property Disclosure Statement, a Lead-Based Paint Addendum, an FHA/VA Financing Addendum, and a Seller Financing Addendum. Plaintiff also assisted Uzzell in preparing loan applications and provided advice and consultation throughout the process. On 15 August 2000, defendants gave plaintiff a Termination of Contract and Release form. After receiving this form, plaintiff released the $500.00 earnest money. However, plaintiff learned that on that same day, Uzzell purchased the home on Davinci Street from defendants. At closing, defendants and Uzzell used the paperwork plaintiff prepared.
Plaintiff sued for breach of contract in May of 2002. The trial court entered an order granting plaintiff's motion for summary judgment, and the court ordered defendants to pay $4,200.00 to plaintiff. Defendants appeal.
On appeal, defendants argue that (1) plaintiff was not entitled to a commission because it is not a licensed mortgage broker, and (2) there was a genuine issue of material fact as to whether plaintiff's performance was a procuring cause of the sale of the property. We disagree and affirm the decision of the trial court.
I. Standard of Review
The standard of review on appeal from a summary judgment ruling is whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. Moore v. Coachmen Industries, Inc., 129 N.C. App. 389, 393-94, 499 S.E.2d 772, 775 (1998). We turn to consider defendants' arguments on appeal.
II. Licensed Mortgage Broker
Defendants argue that plaintiff is not entitled to a commission because it is not a licensed mortgage broker. This argument misstates what is at issue in this case. Whether plaintiff is a mortgage broker is of no consequence. Instead, we must determine whether Lestep, a real estate broker, is entitled to a brokerage fee.
"A real estate broker earns a brokerage fee in a sales transaction (i.e., a `sales commission') when he or she accomplishes what the agency contract (listing contract or buyer agency contract) between the broker and the principal (seller or buyer) calls for as performance by the broker." See Patrick K. Hetrick et al., North Carolina Real Estate Manual at 274 (2004-2005 ed.) (hereinafter North Carolina Real Estate Manual). Since the determination of whether plaintiff is a licensed mortgage broker has no bearing on the outcome of this case, this assignment of error is overruled. We turn to consider whether plaintiff is entitled to a commission as a result of performing under the terms of the contract.
III. Summary Judgment
Defendants argue that the trial court erred by granting summary judgment to plaintiff because there is a genuine issue of material fact regarding whether plaintiff's performance was the procuring cause of the sale of the property to the buyer. We disagree.
The key language at issue in this case appears in the "BUYER AGENT'S CONFIRMATION OF AGENCY RELATIONSHIP AND OFFER OF COMPENSATION." This document contains the following fee arrangement: (a) Listing Agent (or Seller, if the property is not listed) hereby confirms that its offer of compensation to Buyer Agent regarding any sale of the Property to Buyer shall be as follows: 6% of selling price to be paid at closing. This offer of compensation is unconditional except that Buyer Agent's entitlement to such compensation is determined by Buyer Agent's performance as the procuring cause of any sale of the Property to Buyer. Payment of said fee to Buyer Agent shall not create any agency or subagency relationship between Buyer Agent and either Seller or Listing Agent.
In this case, the property was not listed, so there was no listing agent. Instead, it is the sellers, Roney Smith and Bernetha Smith, who made the offer of compensation to Lestep, Inc., the firm that the contract identified as the Buyer's Agent. According to the terms of the agreement, Lestep, Inc., is entitled to the fee as long as its performance was the procuring cause of the sale of the property to the buyer.
Before analyzing whether plaintiff's performance was a procuring cause, we note that the use of buyer agency contracts is a developing area of North Carolina real estate law:
While they were once extremely rare, use of buyer's agents and therefore buyer agency contracts is now a common method of brokerage. In spite of this, there is no developed body of North Carolina case law specifically dealing with the right of a buyer's broker to compensation in a sales transaction.
Id. at 281. Although our courts have not had the opportunity to consider this issue with great frequency, this case may be resolved by examining the unambiguous terms of the contract. As we havestated, the resolution of this issue hinges on whether plaintiff's actions were a procuring cause of the sale.
Generally, a "procuring cause" is "[a] legal term referring to that cause which originates a series of events that lead directly to the accomplishment of a goal." Id. at 742. We have also considered what constitutes a procuring cause in a case in which a real estate salesman and a realty firm brought action to recover a share of the brokerage fee. Beckham v. Klein, 59 N.C. App. 52, 295 S.E.2d 504 (1982). There, the Court stated that "[f]or a broker to be the `procuring cause', the sale must be the direct and proximate result of his efforts or services." Id. at 57, 295 S.E.2d at 507.[1]
In the present case, it is undisputed that defendants did not have a buyer for their home until plaintiff intervened on behalf of Uzzell. It is also undeniable that the parties entered into a contract and that plaintiff provided a number of services to facilitate the sale of the property. Plaintiff drafted documents, prepared loan applications for the buyer, and provided advice and consultation throughout the process. Finally, defendants do notrefute plaintiff's claim that defendants and Uzzell used the documents plaintiff prepared at closing.
Defendants suggest that plaintiff was not the procuring cause of the sale because Uzzell was their tenant, and previously, Uzzell had considered purchasing the home. These contentions are unpersuasive because defendants were aware that Uzzell was their tenant when they signed the "BUYER AGENT'S CONFIRMATION OF AGENCY RELATIONSHIP AND OFFER OF COMPENSATION" and agreed to pay plaintiff a commission of six percent (6%). Moreover, Uzzell was under no obligation to purchase the home before plaintiff became involved in this case.
Under these circumstances, we must conclude that plaintiff's performance was the procuring cause of the sale of the property to the buyer. Accordingly, under the terms of the agreement, plaintiff is entitled to a commission of 6% of the sales price. Since there is no genuine issue of material fact, the trial court's decision to grant summary judgment for plaintiff is
Affirmed.
Judges McGEE and ELMORE concur.
Report per Rule 30(e).

We have also defined "procuring cause" when evaluating listing contracts. A "listing contract" is one "in which a property owner contracts with a broker as agent to find a buyer for the owner's property[.]" See North Carolina Real Estate Manual at 734. Generally, a broker is entitled to a commission if he or she locates a buyer that is ready, able, and willing to buy the land upon the terms offered. Resort Realty of the Outer Banks, Inc. v. Brandt, 163 N.C. App. 114, 117, 593 S.E.2d 404, 408, appeal dismissed, disc. review denied, 358 N.C. 236, 595 S.E.2d 154 (2004). The present case does not involve a listing contract.